


FILED

2013 JAN 14  PM 1:47

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEE VAUGH, individually and dba A Class Security Services,<br><br>                        Plaintiff,<br>vs.<br><br>HAYDEE SALAZAR DIAZ, and GABRIEL DIAZ,<br><br>                      Defendants. | CASE NO. 12-CV-1181 BEN (JMA)<br><br>**ORDER GRANTING AMENDED MOTION TO DISMISS**<br><br>[ECF No. 5] |

      Defendants Haydee Salazar Diaz ("HSD") and Gabriel Diaz ("GD") move to dismiss Plaintiff Jason Lee Vaugh's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Am. Mot. to Dismiss, ECF No. 5.) For the reasons stated below, the Court **DISMISSES** the claim brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and declines to exercise supplemental jurisdiction over the remaining state law claims.

## BACKGROUND

      Vaugh, acting *pro se*, filed suit on May 15, 2012. (Compl., ECF No. 1.) His contentions are as follows. HSD, his former employee, forged his signature on nine checks, dated between September 8, 2010 and May 13, 2011, which totaled more than $19,000. (*Id.* ¶ 5.) HSD gave the checks to her husband, GD, who cashed them. (*Id.* ¶ 6.) The couple converted the funds to their own use. (*Id.*) Vaugh also alleges, without elaborating, that HSD attempted to extort additional funds and that

1  "defendants made several misrepresentations to the plaintiff with regard to important facts." (*Id.* ¶ 8.)
2  Vaugh seeks redress for deceit and fraud, conversion, and violation of RICO.

3  On June 6, 2012. HSD filed the Amended Motion to Dismiss. After Vaugh filed his response
4  in opposition, (Oppo., ECF No. 7), GD joined HSD's motion,[1] (Not. of Joinder, ECF No. 9.) HSD
5  and GD filed a joint reply. (Reply, ECF No. 10.) The Court decides the matter on the papers without
6  oral argument. *See* CivLR 7.1.d.1.

## DISCUSSION

### 1.  LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint must set out "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). At this stage, the Court accepts all material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *N. Star Int'l v. Az. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

### 2.  RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

Because the civil RICO claim provides the sole basis for federal jurisdiction, the Court's analysis starts (and ends) there. Vaugh alleges a violation of 18 U.S.C. § 1962(c), which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful

---

[1] GD claims he was not properly served but that he was joining HSD's motion to dismiss "in the interest of judicial economy." (Not. of Joinder at 1.) Vaugh opposed GD's joinder. (ECF No. 14.) The Court finds the joinder appropriate because the claims against the defendants are integrally related.

debt." The plaintiff must allege: the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citation and internal quotation marks omitted). Defendants assert that Vaugh fails to adequately allege (1) an enterprise, (2) a pattern, or (3) racketeering activity.

### a. Enterprise

Defendants first assert that Vaugh fails to allege a RICO enterprise. The Court agrees. A RICO plaintiff must connect a defendant's racketeering activity with the affairs of an "enterprise." Put differently, a plaintiff must "allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001).

The RICO statute defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An associated-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). It has at least three structural features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009); *Odom v. Microsoft Corp.*, 486 F.3d 541, 552-53 (9th Cir. 2007) (en banc). "[I]t is clear after *Twombly* that a RICO claim must plead facts plausibly implying the existence of an enterprise with the structural attributes identified in *Boyle*." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 369-70 (3d Cir. 2010) (citing *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 400 (7th Cir. 2009).

Vaugh identifies Defendants as "persons" for RICO purposes. (Compl. ¶ 14.) But he fails to identify a distinct "enterprise." He alleges only that "Defendants . . . conducted and participated, both directly and indirectly, in the conduct of the affairs of said enterprise through a patter [sic] of racketeering activity in violation of 18 U.S.C.A. 1692(c)." (*Id.* ¶ 15.) He does not state what the enterprise is, much less plead facts plausibly implying the structural attributes identified in *Boyle*. Dismissal on this ground is warranted.

### b. Racketeering Activity

Defendants next assert that Vaugh fails to adequately plead racketeering activity. The Court agrees. Racketeering activity, or "predicate acts," is that conduct which is "indictable under several provisions of Title 18 of the United States Code, and includes . . . wire fraud." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (citation and internal quotation marks omitted). A civil RICO claim premised on fraud must be pled with particularity. FED. R. CIV. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation and internal quotation marks omitted). "Any averments which do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Id.*

"Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Sanford*, 625 F.3d at 557. "To avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). The plaintiff must plead both the alleged fraud and the facts relating to the alleged use of the mails. *See Lancaster Comm. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (finding that contentions regarding the use of the mails were too generalized to satisfy Rule 9(b) where "no specific mailings are mentioned"); *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070 (C.D. Cal. 2011) ("Courts have been particularly sensitive to Fed. R. Civ. Pro. 9(b)'s pleading requirements in RICO cases in which the 'predicate acts' are mail fraud and wire fraud, and have further required specific allegations as to which defendant caused what to be mailed (or made which telephone calls), and when and how each mailing (or telephone call) furthered the fraudulent scheme" (citing *Gotham Print, Inc. v. American Speedy Printing Centers, Inc.*, 863 F. Supp. 447, 457 (E.D. Mich. 1994))).

Vaugh purports to allege the predicate acts of wire fraud but he provides sparse factual detail. He lists the allegedly forged checks by date, states that the "predicate acts which constitute this pattern

of racketeering activity were part of a scheme to swindle the plaintiff," and then alleges that the scheme was facilitated by wire transmissions, "including but not limited to telephone and internet communications." (Compl. ¶¶ 5, 15.) Vaugh provides no facts that suggest who made what telephone call or internet communication or how each communication furthered the alleged scheme. Such conclusory allegations are too generalized to satisfy Rule 9(b).

### c. Pattern

Finally, Defendants assert that Vaugh fails to allege a RICO pattern. The Court agrees. RICO defines a pattern of racketeering activity as "at least two acts of racketeering activity" within ten years. 18 U.S.C. § 1961(5). Two acts are not necessarily sufficient, however. *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). "At a minimum, a 'pattern' requires that the predicate criminal acts be 'related' and 'continuous.'" *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995) (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). A plaintiff must plead either open-ended or closed-ended continuity. *Id.* "Open-ended continuity refers to past conduct that by its nature indicates a threat of future criminal conduct." *Id.* at 1526. "It is established by showing either that the predicate acts specifically threaten repetition or that they were an ongoing entity's regular way of doing business." *Id.* Closed-ended continuity is established by showing that related predicate acts occurred over a "substantial period of time." *Id.* Congress' concern was long-term criminal activity. Thus, activity that lasts only a few months is insufficient to show close-ended continuity. *See Nw. Bell Tel. Co.*, 492 U.S. at 242 ("Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement."); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 (9th Cir. 1992) (per curiam) (finding "no case in which a court has held the requirement to be satisfied by a pattern of activity lasting less than a year" and concluding that six months was insufficient); *but see Allwaste*, 65 F.3d at 1528 (stating that there is no bright-line one-year rule).

Vaugh fails to allege the requisite continuity. The checks at issue are all dated sometime in September 2010 or May 2011. The Court finds that span insufficient to satisfy the closed-ended continuity requirement, particularly when, as here, there is only one victim. Vaugh's statement in response to Defendants' motion that "the series of predicate acts extended over a period of <u>years</u>, not days or weeks" (Oppo. at 5) finds no factual support his complaint. Further, Vaugh has not alleged

sufficient *facts* that suggest Defendants' past conduct "by its nature projects into the future with a threat of repetition." *Nw. Bell Tel. Co.*, 492 U.S. at 242. Nothing in the complaint indicates, for example, the circumstances surrounding the alleged check fraud or why it apparently stopped in May 2011. For those reasons, Vaugh fails to sufficiently plead a pattern of racketeering activity. Vaugh's RICO claim is dismissed.

3. **SUPPLEMENTAL JURISDICTION**

Having dismissed Vaugh's RICO claim for failure to state a claim upon which relief can be granted, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction over related claims if it "has dismissed all claims over which it has original jurisdiction.") Vaugh's state law claims are dismissed without prejudice to refiling in state court.

## CONCLUSION

For the reasons stated above, the Court **DISMISSES** without prejudice Vaugh's RICO claim and **DECLINES** to exercise supplemental jurisdiction over the remaining claims. Because Vaugh is a *pro se* plaintiff, and because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court grants leave to amend. *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988). If Vaugh chooses to file an amended complaint in this action, he must do so within 21 days of entry of this order.

**IT IS SO ORDERED.**

DATED: January 14, 2013

HON. ROGER T. BENITEZ
United States District Court Judge